Case4:08-cv-00842-CW Document5 Filed03/17/08 Page1 of 6

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General
JOSEPH P. RUSSONIELLO
United States Attorney
ELIZABETH J. SHAPIRO
Assistant Director, Federal Programs Branch
JOHN R. COLEMAN (Va. Bar # 70908)
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W., Room 6118
Washington, D.C. 20530
Telephone: (202) 514-4505
Facsimile: (202) 616-8460
John.Coleman3@usdoj.gov

*Attorneys for Defendant Department of Homeland Security*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| ASIAN LAW CAUCUS, et al.<br><br>Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF HOMELAND SECURITY<br><br>Defendant. | Civil Action No. 3:08-00842 CW<br><br>**DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT FOR INJUNCTIVE RELIEF** |

Civil Action No. 4:08-0842 (CW) – Defendant's Answer to Plaintiffs' Complaint for Injunctive Relief

Defendant, the Department of Homeland Security, by and through undersigned counsel, hereby answer's plaintiffs' complaint in the above-captioned matter as follows:

1. The allegations contained in this paragraph consist of plaintiffs' characterization of its complaint, to which no response by defendant is required.

2. Admit.

3. Admit.

4. Admit.

5. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations of this paragraph.

6. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations of this paragraph.

7. Defendant admits the allegations contained in the first two sentences of this paragraph. Defendant denies the allegations contained in the third sentence of this paragraph. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations of the fourth sentence of this paragraph. With respect to the allegations contained in the first clause of the fifth sentence, defendant admits that it possesses some of the records sought by plaintiffs, but lacks information sufficient to confirm or deny that it possesses all records sought by plaintiffs. The allegations contained in the second clause of the fifth sentence of this paragraph consist of legal conclusions regarding the Freedom of Information Act (FOIA), to which no response is required.

8. Defendant denies the allegations of the first sentence of this paragraph. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations of the second sentence of this paragraph. The allegations contained in the third sentence of this paragraph constitute plaintiffs' characterizations of matters contained in published news reports, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, deny, except to admit the existence of the cited news reports, to which the Court is referred for a full and accurate statement of their contents.

9. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations of this paragraph.

10. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations of the first sentence of this paragraph. Defendant admits the allegations of the second sentence of this paragraph. Defendant denies the allegations of the third sentence of this paragraph. The allegations contained in the fourth sentence of this paragraph constitute plaintiffs' characterizations of published government reports, to which no response is required; to the extent a response is deemed necessary, deny, except to admit the existence of the cited reports, to which the Court is referred for a full and accurate statement of their contents.

11. Admit.

12. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations of the first two sentences of this paragraph, except to admit that defendant's official sent the letter attached to the complaint on or about December 26, 2007. The allegations contained in the remainder of this paragraph constitute plaintiffs' characterizations of the cited letter, to which no response is required; to the extent a response is deemed necessary, deny, except to admit the existence of the letter, to which the Court is referred for a full and accurate statement of its contents.

13. Deny.

14. The allegations contained in the first sentence of this paragraph consist of legal conclusions regarding the FOIA, not allegations of fact, and thus no response from defendant is required; to the extent a response is deemed necessary, deny, except to admit the existence of cited statutory provisions, to which the Court is referred for a full and accurate statement of their contents. Admit the second sentence. The allegations contained in the third and fourth sentences of this paragraph consist of legal conclusions regarding the FOIA, not allegations of fact, and thus no response from defendant is required; to the extent a response is deemed necessary, deny, except to admit the existence of cited statutory provisions, to which the Court is referred for a full and accurate statement of their contents.

15. The allegations contained in this paragraph constitute conclusions of law to which no response is required.

16. Deny.

17. Defendant repeats and realleges the responses made in paragraphs 1-16.

18. The allegations contained in this paragraph constitute conclusions of law to which no response by defendant is required. To the extent a response is deemed required, the allegations are denied.

19. The allegations contained in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed required, the allegations are denied.

20. The allegations contained in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed required, the allegations are denied.

21. The allegations contained in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed required, the allegations are denied.

WHEREFORE, having fully answered plaintiffs' complaint, defendant prays for a judgment dismissing the complaint with prejudice and for such further relief as the Court may deem just.

DATED: March 17, 2008

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JOSEPH P. RUSSONIELLO
United States Attorney

ELIZABETH J. SHAPIRO
Assistant Director, Federal Programs Branch

*/s/ John R. Coleman*
JOHN R. COLEMAN
Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W., Room 6118
Washington, D.C. 20001
Telephone: (202) 514-4505

Case4:08-cv-00842-CW Document5 Filed03/17/08 Page5 of 6

Facsimile: (202) 616-8460
John.Coleman3@usdoj.gov

Civil Action No. 4:08-0842 (CW) – Defendant's Answer to Plaintiffs' Complaint for Injunctive Relief

Case4:08-cv-00842-CW Document5 Filed03/17/08 Page6 of 6

**CERTIFICATE OF SERVICE**

I hereby certify on this 17th day of March, 2008, that a true and correct copy of Defendant's Answer to Plaintiffs' Complaint for Injunctive Relief was served via the Electronic Case Filing System of the Northern District of California on the following individuals:

Shirin Sinnar, Esq.
Asian Law Caucus
939 Market St., Suite 201
San Francisco, CA 941043
shirins@asianlawcaucus.org

Marcia Hoffman, Esq.
Electronic Frontier Foundation
454 Shotwell Street
San Francisco, CA 94110
marcia@eff.org

/s/ *John R. Coleman*
John R. Coleman
Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch

Civil Action No. 4:08-0842 (CW) – Defendant's Answer to Plaintiffs' Complaint for Injunctive Relief