Shirin Sinnar, State Bar No. 230005
shirins@asianlawcaucus.org
Asian Law Caucus
939 Market St., Suite 201
San Francisco, CA 94103
Tel (415) 896-1701
Fax (415) 896-1702

Marcia Hofmann, State Bar No. 250087
marcia@eff.org
Electronic Frontier Foundation
454 Shotwell Street
San Francisco, CA 94110
Tel (415) 436-9333
Fax (415) 436-9993

Attorneys for Plaintiffs Asian Law Caucus and
Electronic Frontier Foundation

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| ASIAN LAW CAUCUS et al., <br><br> Plaintiffs, <br><br> v. <br><br> DEPARTMENT OF HOMELAND SECURITY, <br><br> Defendant. | Civil Action No. 08-cv-00842 CW <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> Judge: Hon. Claudia Wilken <br> Date: May 23, 2008 <br> Time: 2:00 p.m. <br> Place: Courtroom 2, 4th Floor |

Plaintiffs Asian Law Caucus ("ALC") and Electronic Frontier Foundation ("EFF") and Defendant Department of Homeland Security ("DHS") respectfully submit the following joint case management statement.

**1.    Jurisdiction and Related Issues**

Plaintiffs contend that this Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 28 U.S.C. § 1331.

Plaintiffs further maintain that venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e). DHS has been properly served pursuant to Fed. R. Civ. P. 4(i)(1).

**2.   Facts**

On October 31, 2007, ALC and EFF submitted a Freedom of Information Act request to Customs and Border Protection ("CBP") seeking policies and procedures on the questioning of travelers and searches of travelers' property. On January 2, 2008, ALC received a letter from CBP stating that agency had received Plaintiffs' FOIA request and would "act with all due diligence to process this request as soon as possible." To date, however, CBP has not completed processing the request. EFF filed this action on February 7, 2008, seeking injunctive relief to compel DHS to release and disclose the requested documents pursuant to 5 U.S.C. § 552(a)(4)(B). (Dkt. No. 1.) DHS filed its answer to the complaint on April 22, 2008. (Dkt. No. 5.)

**3.   Legal Issues**

The threshold legal issue in this case concerns DHS's failure to process Plaintiffs' request within the time limits provided by the FOIA. As described below in paragraph 4, the parties have negotiated a processing schedule that they expect will resolve this issue without the Court's intervention.

Once Plaintiffs' request has been processed and DHS has decided what material, if any, to withhold, Plaintiffs will decide whether to challenge DHS' withholding claims. These issues will likely be decided at the summary judgment stage of this litigation.

**4.   Motions**

To date, no motions have been filed in this case. The parties have negotiated a schedule by which DHS has agreed to process and make an interim release of non-exempt material by June 30, 2008, and complete the processing of Plaintiffs' request and make a final release of non-exempt material by July 31, 2008. In light of this arrangement, Plaintiffs do not foresee the need to seek an

order from the court compelling DHS to process the requested records by a date certain. However, Plaintiffs do not waive the right to seek such an order if DHS fails to comply with the schedule negotiated by the parties.

After Plaintiffs' FOIA request has been processed and the Plaintiffs determine which withholdings to challenge, if any, the parties anticipate that dispositive briefing will resolve this case at a summary stage. Plaintiffs reserve the right to seek discovery under Fed. R. Civ. P. 56(f) after DHS files its motion for summary judgment and supporting declarations or indices pursuant to *Vaughn v. Rosen*, 484 F.2d 820, 826-8 (D.C. Cir. 1973). Plaintiffs also reserve the right to move for attorney's fees if they are unable to reach an agreement with DHS on this issue after the Court rules on the parties' dispositive motions.

**5.    Amendment of Pleadings**

Neither party anticipates amending its pleadings to add or dismiss claims or defenses.

**6.    Evidence Preservation**

Counsel have discussed evidence preservation and have explained this obligation to the parties. DHS is taking all reasonable steps to preserve documents responsive to Plaintiffs' FOIA request that were located during the course of the search process.

**7.    Disclosures**

The parties agree that initial disclosures are not necessary in this case, as this is an action for review on an administrative record and is therefore exempt from initial disclosure requirements under Fed. R. Civ. P. 26(a)(1)(E)(i).

**8.    Discovery**

To date, no discovery has been taken by any party. The parties do not anticipate proposing any limitations or modifications of the discovery rules. Plaintiffs reserve the right to seek discovery pursuant Fed. R. Civ. P. 56(f) after DHS files its motion for summary judgment and accompanying

papers.

**9.     Class Actions**

This case is not a class action.

**10.    Related Cases**

There are no related cases pending before this Court as defined by Local Rule 3-12.

**11.    Relief**

Plaintiffs seek injunctive relief with respect to the release and disclosure of all records responsive to their October 31, 2007 FOIA request.

**12.    Settlement and ADR**

The parties believe that the prospect of settlement is low until the records at issue in this case have been processed and DHS has decided what material, if any, to withhold. This case has been assigned to the ADR Multi-Option Program, and the parties have conferred about ADR processes in conformance with ADR Local Rule 3-5. The parties believe that this case is not well suited to ADR resolution, and therefore have filed a Notice of Need for ADR Phone Conference pursuant to ADR Local Rule 3-5(c)(2). (Dkt. No. 8.)

**13.    Consent to Magistrate for All Purposes**

The parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

**14.    Other References**

The parties agree that this case is not suitable for reference to binding arbitration or a special master, or reference to the Judicial Panel on Multidistrict Litigation.

**15.    Narrowing of Issues**

The parties have agreed to confer about narrowing the legal issues remaining in this case once the records requested by Plaintiffs have been processed. No party requests bifurcation of any

issues, claims, or defenses.

**16.   Expedited Schedule**

The parties agree that this case could be handled on an expedited basis with streamlined procedures. The parties anticipate that this case will be resolved by the Court on summary judgment, and the parties have agreed to the following briefing and hearing schedule:

* \*   DHS will file its motion for summary judgment by September 8, 2008.
* \*   Plaintiffs will oppose DHS's motion for summary judgment and file their cross-motion for summary judgment, if any, by September 22, 2008.
* •   DHS will file its reply in support of its motion for summary judgment and opposition to Plaintiffs' cross-motion for summary judgment, if any, by September 29, 2008.
* •   Plaintiffs will file their reply In support of their cross-motion for summary judgment, if any, by October 6, 2008.
* \*   The Court will hear the motion(s) for summary judgment on October 23, 2008.

The parties agree to reserve their rights to seek extension of these deadlines as circumstances warrant.  A proposed order establishing this schedule accompanies this statement.

**17.   Scheduling**

See paragraph 16 above.

**18.   Trial**

The parties anticipate that this entire case will be resolved by the Court on summary judgment, and do not anticipate that this case will be decided by a jury.

**19.   Disclosure of Non-Party Interested Entities or Persons**

On February 7, 2008, Plaintiffs filed a Certification of Interested Entities or Persons as required by Local Rule 3-16 stating that, aside from the named parties, there is no interest to report. (Dkt. No. 2.) DHS has not filed a Certification of Interested Entities or Persons because Local Rule 3-16 excuses government entities or their agencies from this requirement.

**20.    Other Matters As May Facilitate the Just, Speedy and Inexpensive Disposition of This Matter**

The parties raise no other matters at this time.

DATED: May 6, 2008                    Respectfully submitted,

Shirin Sinnar, Esq.                               JEFFREY S. BUCHOLTZ
ASIAN LAW CAUCUS                            Acting Assistant Attorney General
939 Market St., Suite 201
San Francisco, CA 94103                     CARL J. NICHOLS
Telephone: (415) 896-1701                  Deputy Assistant Attorney General
Facsimile: (415) 896-1702
                                                             SCOTT N. SCHOOLS
                                                             United States Attorney

*/s/ Marcia Hofmann*
Marcia Hofmann                                 ELIZABETH J. SHAPIRO
ELECTRONIC FRONTIER FOUNDATION    Assistant Director, Federal Programs Branch
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333                  */s/ John R. Coleman*
Facsimile: (415) 436-9993                   JOHN R. COLEMAN
                                                             Attorney, U.S. Department of Justice
ATTORNEYS FOR PLAINTIFFS ASIANN   Civil Division, Federal Programs Branch
LAW CAUCUS AND ELECTRONICC        20 Massachusetts Ave., N.W., Room 6118
FRONTIER FOUNDATION                      Washington, D.C. 20530
                                                             Telephone: (202) 514-4505
                                                             Facsimile: (202) 616-8460
                                                             E-mail: John.Coleman3@usdoj.gov

                                                             ATTORNEYS FOR DEFENDANT
                                                             DEPARTMENT OF HOMELAND SECURITY

**GENERAL ORDER NO. 45(X) CERTIFICATION**

I attest that I have obtained John R. Coleman's concurrence in the filing of this document.

*/s/ Marcia Hofmann*
Marcia Hofmann

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| ASIAN LAW CAUCUS et al., ) | Civil Action No. 08-cv-00842 CW |
| ) | |
| Plaintiffs, ) | **[PROPOSED] ORDER ESTABLISHING** |
| ) | **BRIEFING SCHEDULE** |
| v. ) | |
| ) | |
| DEPARTMENT OF HOMELAND SECURITY, ) | |
| ) | |
| Defendant. ) | |

Upon consideration of the Joint Case Management Statement, it is hereby ORDERED that the submission and hearing of the parties' cross motions for summary judgment shall proceed according to the following schedule:

* \* Defendant will file its motion for summary judgment no later than September 8, 2008.

* \* Plaintiffs will oppose Defendant's motion for summary judgment and file their cross-motion for summary judgment, if any, no later than September 22, 2008.

* • Defendant will file its reply in support of its motion for summary judgment and opposition to Plaintiffs' cross-motion for summary judgment, if any, no later than September 29, 2008.

* • Plaintiffs will file their reply In support of their cross-motion for summary judgment, if any, no later than October 6, 2008.

* \* The Court will hear the motion(s) for summary judgment on October 23, 2008.

\* \* \*

**ORDER**

IT IS SO ORDERED.

DATED: _____   _____