GREGORY G. KATSAS
Assistant Attorney General
JOSEPH P. RUSSONIELLO
United States Attorney
JOHN R. TYLER
Acting Assistant Director, Federal Programs Branch
JOHN R. COLEMAN (Va. Bar # 70908)
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W., Room 6118
Washington, D.C. 20530
Telephone: (202) 514-4505
Facsimile: (202) 616-8460
John.Coleman3@usdoj.gov

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| ASIAN LAW CAUCUS AND ELECTRONIC FRONTIER FOUNDATION | Civil Action No. 3:08-0842 CW |
| Plaintiffs, | **NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT** |
| v. | **AND** |
| DEPARTMENT OF HOMELAND SECURITY | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| Defendant. | Date:   December 4, 2008<br>Time:  2:00 p.m. |

Civil Action No. 4:08-0842 (CW)
Defendant's Motion for Summary Judgment

1

2

# TABLE OF CONTENTS

3

NOTICE OF MOTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

4    MOTION FOR SUMMARY JUDGMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

5    MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

6    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

7    FACTUAL AND PROCEDURAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

8    ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

9        I.      FOIA AND THE STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . 4

10       II.     DEFENDANT PROPERLY WITHHELD INFORMATION THAT

11               IS EXEMPT UNDER THE FOIA

12             A.      Defendant Properly Withheld Information Pursuant to FOIA

13                    Exemptions (b)(2) and (b)(7)(E) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

14             B.      Defendant Properly Withheld Information Pursuant to FOIA

15                    Exemption (b)(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

16             C.      Defendant Has Produced All Reasonably Segregable Portions of

17                    Responsive Records . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

18    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

19

20

21

22

23

24

25

26

27

28    

1

**TABLE OF AUTHORITIES**

2

**PAGE(S)**

3

**CASES**

4   *Assembly of the State of California v. U. S. Dep't of Commerce*,
5       968 F.2d 916 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  13

6   *Baker & Hostetler LLP v. U.S. Dep't of Commerce*,
        473 F.3d 312 (D.C. Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  14

7   *Baldridge v. Shapiro*,
8       455 U.S. 345 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

9   *Church of Scientology of California v. U.S. Dep't of the Army*,
        611 F.2d 738 (9th Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

10  *Coastal Delivery Corp. v. U.S. Customs Serv.*,
11      272 F. Supp. 2d 958 (C.D. Cal. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8, 11

12  *Crooker v. Bureau of Alcohol, Tobacco & Firearms*,
        670 F.2d 1051 (D.C. Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

13  *Delta Ltd. v. U.S. Customs & Border Prot.*,
14      384 F. Supp. 2d 138 (D.D.C. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

15  *Dirksen v. U.S. Dep't of Health & Human Servs.*,
        803 F.2d 1456 (9th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

16  *Fisher v. U.S. Dep't of Justice*,
17      772 F.Supp. 7 (D.D.C. 1991), *aff'd*, 968 F.2d 92 (D.C. Cir. 1992) . . . . . . . . . . . . . . . .  7

18  *Hammes v. U.S. Customs Serv.*,
        Case No. 94-cv-4868, 1994 WL 693717 (S.D.N.Y. Dec. 9, 1994) . . . . . . . . . . . . . . .  11

19  *Hardy v. Bureau of Alcohol, Tobacco & Firearms*,
20      631 F.2d 653 (9th Cir. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6, 8

21  *Hilken v. Dep't of Def.*,
        521 F. Supp. 2d 1047 (N.D. Cal. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

22  *Hunt v. CIA*,
23      981 F.2d 1116 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

24  *John Doe Agency v. John Doe Corp.*,
        493 U.S. 146 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

25  *Judicial Watch, Inc. v. U.S. Dep't of Commerce*,
26      337 F. Supp. 2d 146 (D.D.C. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

27

28

Civil Action No. 4:08-0842 (CW)
Defendant's Motion for Summary Judgment

*Keys v. Dep't of Homeland Sec.*,
    510 F. Supp. 2d 121 (D.D.C. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Klamath Siskiyou Wildlands Ctr. v. U.S. Dep't of the Interior*,
    Case No. 07-cv-325, 2007 WL 4180685 (D.Or. Nov. 21, 2007) . . . . . . . . . . . . . . . . . 15

*Lane v. Dep't of Interior*,
    523 F.3d 1128 (9th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Lawyers' Comm. for Civil Rights of San Francisco Bay Area v. U.S. Dep't of the Treasury*,
    534 F. Supp. 2d 1126 (N.D. Cal. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Lewis v. I.R.S.*,
    823 F.2d 375 (9th Cir.1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Lion Raisins Inc. v. U.S. Dep't of Agric.*,
    354 F.3d 1072 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Maricopa  Audubon Soc'y v. U.S. Forest Serv.*,
    108 F.3d 1082 (9th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Maricopa Audubon Soc'y v. U.S. Forest Serv.*,
    108 F.3d 1089 (9th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 14

*Minier v. CIA*,
    88 F.3d 796 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Moayedi v. U.S. Customs & Border Prot.*,
    510 F. Supp. 2d 73 (D.D.C. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*NLRB v. Robbins Tire & Rubber Co.*,
    437 U.S. 214 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*NLRB v. Sears, Roebuck & Co.*,
    421 U.S. 132 (1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

*NYC Apparel FZE v. U.S. Customs & Border Prot.*,
    484 F. Supp. 2d 77 (D.D.C. 2007) (emphasis added) . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Nat'l Sec. Archive Fund, Inc. v. CIA*,
    402 F. Supp. 2d 211 (D.D.C. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Peter S. Herrick's Customs & Int'l Trade Newsletter v. Customs and Border Prot.*,
    No. 1:04-cv-00377, 2006 WL 1826185 (D.D.C. June 30, 2006)  . . . . . . . . . . . . . 7, 8, 10

*Poulsen v. U.S. Customs & Border Prot.*,
    Case No. 06-cv-1743, 2006 WL 2788239 (N.D. Cal. Sept. 26, 2006)  . . . . . . . . . . . . 12

*Rosenfeld v. U.S. Dep't of Justice*,
    57 F.3d 803 (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Safecard Servs., Inc. v. SEC*,

1

      926 F.2d 1197 (D.C. Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

*Schiller v. NLRB*,
      964 F.2d 1205 (D.C. Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6, 11

*Smith v. Bureau of Alcohol, Tobacco & Firearms*,
      977 F. Supp. 496 (D.D.C. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

*Suzhou Yuanda Enterprise, Co. v. U.S. Customs & Border Prot.*,
      404 F. Supp. 2d 9 (D.D.C. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

*The Buffalo Evening News, Inc. v. U.S. Border Patrol*,
      791 F. Supp. 386 (W.D.N.Y. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

*Vaughn v. Rosen*,
      484 F.2d 820 (D.C. Cir.1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

## STATUTES

5 U.S.C. § 552 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

## RULES

Fed. R. Civ. P. 56 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4

1

## NOTICE OF MOTION

2      Please take notice that the following Motion for Summary Judgment will be heard by the

3  Honorable Claudia Wilken, United States District Judge, on December 4, 2008, at 2:00 p.m.

4

## MOTION FOR SUMMARY JUDGMENT

5      Pursuant to Federal Rule of Civil Procedure 56 and the briefing schedule set by Order of

6  the Court (Doc. #18), defendant Department of Homeland Security hereby moves for an order

7  granting summary judgment for defendant in this action.  The grounds in support of this motion

8  are set out in the memorandum of points and authorities and the declaration of Shari Suzuki

9  submitted herewith.  This motion is accompanied by a proposed order granting summary

10  judgment in favor of defendant.

11

## MEMORANDUM OF POINTS AND AUTHORITIES

12

### INTRODUCTION

13      Plaintiffs Asian Law Caucus (ALC) and Electronic Frontier Foundation (EFF) bring this

14  action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, seeking records of United

15  States Customs and Border Protection (CBP), a component of defendant Department of

16  Homeland Security (DHS), concerning CBP's policies and procedures on the questioning,

17  search, and inspection of travelers entering the United States at ports of entry.

18      In response to plaintiffs' request, defendant identified 689 pages of documents in its

19  possession that are responsive to plaintiffs' request, including 352 pages released in their

20  entirety, 309 pages withheld in part, and 28 pages withheld in full.  As a result of negotiations

21  between the parties, plaintiffs have agreed to limit their challenge to defendant's withholding of

22  information in 257 pages of records pursuant to FOIA Exemptions (b)(2), (b)(5), and (b)(7)(E), 5

23  U.S.C. § 552(b)(2), (5), & (7)(E).  The information withheld pursuant to these exemptions

24  consists almost entirely of CBP's internal memoranda related to the collection, processing, and

25  analysis of information about potential violations of the laws enforced by CBP at the nation's

26  border, the release of which would facilitate circumvention of the law.  Accordingly, the vast

27

28

Civil Action No. 4:08-0842 (CW)
Defendant's Motion for Summary Judgment          -1-

1  majority of the exemptions still at issue in this action concern defendant's withholding of

2  information pursuant to 5 U.S.C. § 552(b)(2) and (b)(7)(E).  As the detailed declaration and

3  *Vaughn* index[1] accompanying this memorandum demonstrate, this information has been validly

4  withheld.  In addition, plaintiffs challenge defendant's redaction of a small amount of

5  information pursuant to the deliberative process privilege.  This information, which consists of

6  hand-written notes and recommendations for further action, is pre-decisional and deliberative,

7  and therefore properly withheld pursuant to 5 U.S.C. § 552(b)(5).  Accordingly, defendant is

8  entitled to summary judgment in this case pursuant to Fed. R. Civ. P. 56.

9  ## FACTUAL AND PROCEDURAL BACKGROUND

10        Plaintiffs submitted the FOIA request at issue in this case on October 31, 2007, seeking

11  disclosure of the following records generated from September 11, 2001, to the present:

12  (1)   Policies and procedures on the questioning of travelers, specifically as follows:

13        (a)   Policies and procedures on the questioning of travelers regarding political views,
14              religious practices, and other activities potentially covered by the First
              Amendment;

15        (b)   Policies and procedures for responding to a traveler's refusal to answer questions;

16        (c)   Policies and procedures for permitting a traveler to access legal counsel or invoke
              a right to remain silent during inspection at the border; and

17
18  (2)   Policies and procedures on inspections and searches of travelers' property, specifically as
        follows:

19        (a)   Policies and procedures on the photocopying, reproduction, and retention of
20              written materials obtained through the border searches, including documents that
              CBP officers have found not to violate the law;

21        (b)   Policies and procedures on conducting searches and duplicating files from laptop
22              computers, MP3 players, digital cameras, cell phones, and other electronic
              devices;

23        (c)   Copies of the two 1986 Customs Directives, *Review, Copying and Seizure of
24              Documents* (Customs Directives 3300-04) and *Restrictions on Importation of*

25        [1]A *Vaughn* index is a document that describes withheld or redacted documents and
26  explains why each withheld record is exempt from disclosure. *Vaughn v. Rosen*, 484 F.2d 820,
    826–28 (D.C. Cir.1973).
27

28  Civil Action No. 4:08-0842 (CW)
    Defendant's Motion for Summary Judgment        -2-

*Seditious Matter* (Customs Directive 2210-01), and any amendments or revisions to these materials;

(d) Policies and procedures on the protection of confidential information in travelers' possession, such as information covered by trade secrets, attorney-client privilege, health privacy laws, or other legal protection.

*See* Declaration of Shari Suzuki ("Suzuki Decl.") ¶ 6; Ex. B to Suzuki Decl.  Pursuant to an agreement between the parties, defendant produced 190 pages of responsive records on June 26, 2008, and the remainder of the responsive, non-exempt records on July 30, 2008.  Suzuki Decl. ¶¶ 11, 12; Exs. D & E to Suzuki Decl.  After reviewing the records produced by defendant and the draft *Vaughn* index provided to plaintiffs on September 24, 2008, plaintiffs agreed to limit their challenge to defendant's withholdings.  Suzuki Decl. ¶¶ 13-15; Ex. F to Suzuki Decl.  As a result, the withholdings currently disputed by plaintiffs are include information and documents that have been withheld pursuant to 5 U.S.C. § 552(b)(2), (b)(5) & (b)(7)(E) in the following documents:

(1) Responding to Potential Terrorists Seeking Entry into the United States, CBP Directive No. 3340-021B (Bates No. 135-159);

(2) Responding to Potential Terrorists Seeking Entry into the United States (Prior Version), CBP Directive No. 3340-021A (Bates No. 160-175);

(3) Standard Operating Procedures of Regional Ports regarding Responding to Potential Terrorists Seeking Entry into the United States (Bates No. 238-248, 269-282, 498-515, 517-521);

(4) Port of Buffalo, Weekly Muster dated December 12, 2007 (Bates No. 191-192)

(5) Los Angeles Field Office, Weekly Muster dated March 12, 2007 (Bates No. 284-85);

(6) San Francisco Field Office, Guidance on Pornographic Materials (Bates No. 516)

(7) Tucson Field Office Memoranda (Bates No. 549-580);

(8) Documents Relating to Border Search/Examination of Documents, Papers, and Electronic Information (Bates No. 596-661); and

1    (9)    Documents Relating to a Concept of Operations regarding document and

2           electronic media screening (Bates No. 662-689).

3  *See* Ex. F to Suzuki Decl.  In addition, plaintiffs are challenging the redaction pursuant to 5

4  U.S.C. § 552(b)(2) (low) of the names of certain databases in a Tucson Field Office

5  Memorandum (Bates No. 575-80).  *Id.*  Plaintiffs do not challenge the adequacy of defendant's

6  search for responsive records, nor do plaintiffs challenge CBP's determination that certain

7  information is not responsive to their request.  *Id.*  Accordingly, the only issue to resolve in this

8  case is whether CBP has presented an adequate basis for the Court to uphold its redactions

9  pursuant to 5 U.S.C. § 552(b)(2), (5), & (7)(E).

## ARGUMENT

### I.    FOIA AND THE STANDARD OF REVIEW

12        "The basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of

13  a democratic society, needed to check against corruption and to hold the governors accountable

14  to the governed."  *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152 (1989) (quoting

15  *NLRB v. Robbins Tire & Rubber Co*., 437 U.S. 214, 242 (1978)).  To further this purpose, FOIA

16  generally requires disclosure of agency records upon the request of any person.  5 U.S.C.

17  § 552(a)(3)(A).  "The Act expressly recognizes, however, that public disclosure is not always in

18  the public interest and consequently provides that agency records may be withheld from

19  disclosure under any one of the nine exemptions defined in 5 U.S.C. § 552(b)."  *Baldridge v.*

20  *Shapiro*, 455 U.S. 345, 352 (1982).  Thus, the inclusion of these exemptions in the FOIA reflects

21  Congress' intention to achieve "'a workable balance between the right of the public to know and

22  the need of the Government to keep information in confidence.'"  *John Doe Agency*, 493 U.S. at

23  152 (quoting H.R. Rep. 89-1497, 89th Cong., 2d Sess. 6 (1966)).  Accordingly, the statutory

24  exemptions must be construed "to have meaningful reach and application."  *Id.*

25        FOIA actions are typically resolved through summary judgment motions pursuant to Fed.

26  R. Civ. P. 56.  *See Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008).  Under FOIA,

27

28  Civil Action No. 4:08-0842 (CW)
    Defendant's Motion for Summary Judgment          -4-

1    courts conduct *de novo* review to determine whether the government properly withheld records

2    under any of the FOIA's nine statutory exemptions. 5 U.S.C. § 552(a)(4)(B).  The government

3    bears the burden of justifying non-disclosure.  *Id*.  "The agency may meet its burden by

4    submitting a detailed affidavit showing that the information 'logically falls within one of the

5    claimed exemptions.'"  *Minier v. CIA*, 88 F.3d 796, 800 (9th Cir. 1996). (quoting *Hunt v. CIA*,

6    981 F.2d 1116, 1119 (1992)).  And, the court must accord a presumption of good faith to an

7    agency affidavit submitted in support of claimed exemptions.  *Safecard Servs., Inc. v. SEC*, 926

8    F.2d 1197, 1200 (D.C. Cir. 1991); *see also Lawyers' Comm. for Civil Rights of San Francisco

9    Bay Area v. U.S. Dep't of the Treasury*, 534 F. Supp. 2d 1126, 1131 (N.D. Cal. 2008).  "If the

10   affidavit[] contain[s] reasonably detailed descriptions of the documents and allege[s] facts

11   sufficient to establish an exemption, 'the district court need look no further'" and the agency will

12   be entitled to summary judgment.  *Lewis v. I.R.S.*, 823 F.2d 375, 378 (9th Cir.1987) (quoting

13   *Church of Scientology of California v. U.S. Dep't of the Army*, 611 F.2d 738, 742 (9th Cir.

14   1979)).

15       As explained below, the declaration and *Vaughn* index submitted by defendant provide as

16   "much detail as possible on the public record" to justify the withholdings pursuant to 5 U.S.C.

17   § 552(b)(2), (5), and (7)(E), without "reveal[ing] the very information the government claims is

18   exempt from disclosure," and are therefore sufficient grounds for granting defendant's motion

19   for summary judgment.  *Lion Raisins Inc. v. U.S. Dep't of Agric.*, 354 F.3d 1072, 1083-84 (9th

20   Cir. 2004).   At the Court's request, however, defendant is prepared to submit for *in camera*

21   review unredacted versions of any of the documents at issue, as well as an *ex parte* declaration

22   explaining more fully the basis for any redactions in those documents.  *Id.*

23

24

25

26

27

28
     Civil Action No. 4:08-0842 (CW)
     Defendant's Motion for Summary Judgment          -5-

## II.     DEFENDANT PROPERLY WITHHELD INFORMATION THAT IS EXEMPT UNDER THE FOIA

### A.     Defendant Properly Withheld Information Pursuant to FOIA Exemptions (b)(2) and (b)(7)(E)

Title 5 U.S.C. § 552(b)(2) (Exemption 2) provides that FOIA "does not apply to matters that are . . . related solely to the internal personnel rules and practices of an agency." Thus, an agency may withhold information under Exemption 2 if it is "used for predominantly internal purposes." *Schiller v. NLRB*, 964 F.2d 1205, 1207 (D.C. Cir. 1992) (quoting *Crooker v. Bureau of Alcohol, Tobacco & Firearms*, 670 F.2d 1051, 1073 (D.C. Cir. 1981)). Exemption 2 has been held to exempt two types of information: (1) information the release of which would risk circumvention of agency regulations or statutes, *see Dirksen v. U.S. Dep't of Health & Human Servs.*, 803 F.2d 1456, 1458 (9th Cir. 1986), and (2) "routine matters of merely internal interest." *Crooker*, 670 F.2d at 1069 (citation omitted). The former application of the exemption is known as "high 2," while the latter is known as "low 2." *See Hilken v. Dep't of Def.*, 521 F. Supp. 2d 1047, 1059 (N.D. Cal. 2007).

The Ninth Circuit has upheld the withholding of information pursuant to the "high 2" exemption when, as here, the withholdings concern law enforcement methods, and disclosure of the information risks circumvention of agency regulations. Thus, in *Hardy v. Bureau of Alcohol, Tobacco & Firearms*, 631 F.2d 653 (9th Cir. 1980), a case in which the defendant sought to withhold portions of a training manual for raids and searches by its agents, *id.* at 654-55, the Ninth Circuit held that "law enforcement materials, disclosure of which may risk circumvention of agency regulation, are exempt from disclosure" pursuant to Exemption 2 (high). *Id.* at 657. Likewise, in *Dirksen*, the Ninth Circuit applied the "high 2" exemption to Medicare claims-processing guidelines that could have been used by health care providers to avoid audits. 803 F.2d at 1458-59. This holding was premised on concerns that disclosure of the guidelines could "hinder investigations" and "enable violators to avoid detection." *Id.* at 1458 (quoting *Caplan v. Bureau of Alcohol, Tobacco & Firearms*, 587 F.2d 544, 545 (2d Cir. 1978)); *compare Maricopa*

1   *Audubon Soc'y v. U.S. Forest Serv.*, 108 F.3d 1082, 1087 (9th Cir. 1997) (map of goshawk nest

2   sites not within Exemption 2 because "the requested information does not tell the Forest Service

3   how to catch lawbreakers; nor does it tell lawbreakers how to avoid the Forest Service's

4   enforcement efforts.").

5          Exemption 7(E) protects from disclosure "records or information compiled for law

6   enforcement purposes" where release of such information "would disclose techniques and

7   procedures for law enforcement investigations or prosecutions, or would disclose guidelines for

8   law enforcement investigation or prosecutions if such disclosure could reasonably be expected to

9   risk circumvention of the law."  5 U.S.C. § 552(b)(7)(E).  Thus, this exemption is comprised of

10  two clauses: the first relating to law enforcement "techniques or procedures," and the second

11  relating to "guidelines for law enforcement investigations or prosecutions."  *Id.*  The latter

12  category of information may be withheld only if "disclosure could reasonably be expected to risk

13  circumvention of the law."  *Id.*  No such showing of harm is required for the withholding of law

14  enforcement "techniques or procedures," however, which receive categorical protection from

15  disclosure.  *See Keys v. Dep't of Homeland Sec.*, 510 F. Supp. 2d 121, 129 (D.D.C. 2007) (citing

16  *Peter S. Herrick's Customs & Int'l Trade Newsletter v. Customs and Border Prot.*, No.

17  1:04-cv-00377, 2006 WL 1826185, at *7 (D.D.C. June 30, 2006)); *Judicial Watch, Inc. v. U.S.*

18  *Dep't of Commerce*, 337 F. Supp. 2d 146, 181 (D.D.C. 2004); *Smith v. Bureau of Alcohol,*

19  *Tobacco & Firearms*, 977 F. Supp. 496, 501 (D.D.C. 1997) (citing *Fisher v. U.S. Dep't of*

20  *Justice*, 772 F.Supp. 7, 12 n.9 (D.D.C. 1991), *aff'd*, 968 F.2d 92 (D.C. Cir. 1992)).  In an

21  abundance of caution, and because CBP has also asserted Exemption 2 (high) – which clearly

22  requires a showing of a risk of circumvention – for all information claimed to be exempt

23  pursuant to Exemption 7(E), the declaration and *Vaughn* index attached hereto not only

24  demonstrate that all information that has been withheld is "law enforcement material," but also

25  that disclosure of that information "could reasonably be expected to risk circumvention of the

26  law."  5 U.S.C. § 552(b)(7)(E).

27

28

1    There can be little dispute that the material withheld by CBP is "law enforcement

2    material." "CBP is a law enforcement agency with enforcement responsibilities for over 400

3    federal statutes, on behalf of over 40 different agencies." Suzuki Decl. ¶ 2. "CBP's mission is to

4    protect the borders of the United States against terrorists and instruments of terror, enforce the

5    customs and immigration laws of the United States, and foster our Nation's economy by

6    facilitating lawful international trade and travel." *Id.*; *see also Peter S. Herrick's*, 2006 WL

7    1826185, at *6 (recognizing CBP's law enforcement function); *Coastal Delivery Corp. v. U.S.*

8    *Customs Serv.*, 272 F. Supp. 2d 958, 963 (C.D. Cal. 2003) (recognizing the Customs Service's

9    law enforcement function). Because CBP "has a clear law enforcement mandate," it "need[s]

10   only [to] establish a 'rational nexus between enforcement of a federal law and the document[s]

11   for which [a law enforcement] exemption is claimed." *Rosenfeld v. U.S. Dep't of Justice*, 57

12   F.3d 803, 808 (9th Cir. 1995).

13       Plaintiff's FOIA request is for records concerning CBP's policies and procedures for

14   questioning travelers or searching travelers' property at the border – activities CBP engages in

15   only in furtherance of its law enforcement mission. Suzuki Decl. ¶ 2. Accordingly, the

16   responsive records identified in this case – including the responsive material withheld –

17   necessarily concern CBP's law enforcement mandate and are therefore law enforcement

18   materials. This logical conclusion is buttressed by the detailed descriptions of the responsive

19   documents and the redacted information that is set forth in the attached declaration and *Vaughn*

20   index. *See* Suzuki Decl. ¶¶ 21, 29; Ex. A to Suzuki Decl. Accordingly, because the information

21   withheld that remains at issue in this case was "compiled for law enforcement purposes," 5

22   U.S.C. § 552(b)(7)(E), and is also "law enforcement material[]," *Hardy*, 631 F.2d at 657, the

23   first prong of both Exemption 2 (high) and Exemption 7(E) is satisfied.

24       The declaration and *Vaughn* index also demonstrate that disclosure of the withheld

25   material risks circumvention of the laws CBP enforces. For example, CBP has redacted from

26   several responsive records information such as: "specific topics for questioning" known or

27   suspected terrorists; "examination and inspection methods" and "certain law enforcement

28   Civil Action No. 4:08-0842 (CW)
     Defendant's Motion for Summary Judgment            -8-

1   techniques" employed by CBP in furtherance of its law enforcement function at the border;

2   "advanced targeting procedures used to identify individuals of interest prior to their arrival in the

3   United States;" and information that would reveal "the scope and focus" and "strength and

4   weaknesses" of certain law enforcement methods.  *See* Suzuki Decl. ¶¶ 21, 29; Ex. A to Suzuki

5   Decl.  As explained in the declaration and *Vaughn* index, disclosure of such information presents

6   the obvious risk that persons intent on circumventing the laws enforced by CBP will be able to

7   devise strategies to counter CBP's methods and frustrate enforcement of the law.  *Id.*

8           CBP has also redacted certain information relating to internal procedures used by CBP in

9   its law enforcement mission, including: the names of special teams activated in certain

10  circumstances; the names of databases, software, or database queries used in particular

11  circumstances; procedures for internal processing of information and for sharing information

12  with other law enforcement agencies; procedures for escorting suspected terrorists while in

13  custody; and the physical or network location of certain law enforcement resources.  *Id.*  This

14  information is also properly withheld pursuant to (b)(2) (high) and/or (b)(7)(E), as its disclosure

15  would reveal how the agency employs human and technological resources to respond to certain

16  threats and, therefore, permit persons to identify and exploit potential weaknesses in the

17  agency's procedures for responding to certain threats.  *Id.*  Further, revealing the name (which

18  often reveals the subject matter expertise) or location of certain law enforcement resources –

19  both human and technological – could reasonably be expected to risk circumvention of CBP's

20  law enforcement efforts, either by allowing individuals to use this information in conjunction

21  with other publicly available information to understand and exploit weaknesses in those

22  resources, or by facilitating direct attacks (including cyber-attacks) on those resources.  *Id.*  In

23  short, as the declaration and *Vaughn* index attached to this memorandum make clear, the

24  agency's redactions of law enforcement material in the responsive records was proper because

25  disclosure of this information "could reasonably be expected to risk circumvention of the law."

26  5 U.S.C. § 552(b)(7)(E).

27

28  Civil Action No. 4:08-0842 (CW)
    Defendant's Motion for Summary Judgment          -9-

1   Courts have routinely upheld redactions of similar information by CBP or its predecessor

2   agencies[2] pursuant to 5 U.S.C. § 552(b)(2) and/or (b)(7)(E).  In *Moayedi v. U.S. Customs &*

3   *Border Prot.*, 510 F. Supp. 2d 73 (D.D.C. 2007), the district court held that "disclosure of the

4   CBP's procedures for detentions and interrogations conducted at airports 'may benefit those

5   attempting to violate the law and avoid detection by Customs'" and therefore "qualifies as 'High

6   2' material."  *Id.* at 85 (quoting *Suzhou Yuanda Enterprise, Co. v. U.S. Customs & Border Prot.*,

7   404 F. Supp. 2d 9, 12 (D.D.C. 2005)).  Likewise, in *Peter S. Herrick's Customs & Int'l Trade*

8   *Newsletter v. U.S. Customs & Border Prot.*, Case No. 04-cv-00377, 2006 WL 1826185 (D.D.C.

9   June 30, 2006), the district court upheld the withholding pursuant to exemption (b)(2) (high) of

10  information describing CBP's procedures governing the seizure of assets at the border, reasoning

11  that "[i]f the information became publicly known, then individuals seeking to evade capture by

12  customs officials . . . or to harm customs officials or impede operations would be privy to the

13  most effective ways in which to do so."  *Id.* at *5.  The district court found similar information to

14  be exempt under exemption 7(E) because "disclosure would . . . present a significant danger that

15  the information could be used to circumvent the laws that Customs is responsible for enforcing."

16  *Id.* at *7.

17      The district court's decision in *Delta Ltd. v. U.S. Customs & Border Prot.*, 384 F. Supp.

18  2d 138 (D.D.C. 2005), *reconsidered on other grounds*, 393 F. Supp. 2d 15 (D.D.C. 2005), is

19  particularly instructive.  In *Delta*, the plaintiff sought, among other things, "the manuals,

20  guidelines, directives, etc. relied upon by Customs" related to the seizure of some of Delta's

21  cargo.  *Id.* at 142.  The district court upheld the withholding pursuant to Exemption 2 (high) of –

22          such things as the administrative procedures in regard to the operational
            responsibilities discussed and assigned to CBP personnel (*e.g.*, storage of seized
23          property, financial accounting for seized property and appraisement of
            merchandise, processing forfeiture case, etc.), how information was handled in an
24          operational context by CBP enforcement officers, SEACATS narrative input, and
            *law enforcement team or operation names and nomenclature*.
25

26      ────────────

27      [2]  *See* Suzuki Decl. ¶ 1 n.1 (explaining that both the Customs Service and the United
        States Border Patrol are predecessor agencies of CBP).

28

1  Id. at 147-48 (emphasis added). Similarly, in *Coastal Delivery Corp. v. U.S. Customs Serv.*, 272

2  F. Supp. 2d 958 (C.D.Cal. 2003), the district court held that information relating to the number

3  of examinations of merchandise performed by the United States Customs Service (predecessor of

4  CBP) at the Los Angeles/Long Beach seaport was exempt from disclosure under Exemptions

5  (b)(7)(E) and (b)(2) (high). *Id.* at 963-65. *See also Suzhou Yuanda Enterprise, Co. v. U.S.*

6  *Customs & Border Prot.*, 404 F. Supp. 2d 9, 12 (D.D.C. 2005) (holding proper high (b)(2)

7  exemption for information relating to CBP's seizure of material at the border); *Hammes v. U.S.*

8  *Customs Serv.*, Case No. 94-cv-4868, 1994 WL 693717, at *1 (S.D.N.Y. Dec. 9, 1994)

9  ("Plaintiff seeks disclosure under the Freedom of Information Act of the criteria used by

10  Customs officers to determine which passengers to stop and examine. This information is

11  expressly exempted from disclosure by 5 U.S.C. § 557(b)(7)(E)."); *The Buffalo Evening News,*

12  *Inc. v. U.S. Border Patrol*, 791 F. Supp. 386, 393 & n.6 (W.D.N.Y. 1992) (holding information

13  relating to Border Patrol's "method of apprehension" of suspected illegal aliens exempt under

14  Exemptions 2 (high) and 7(E), because "this information would clearly disclose the USBP's

15  techniques for apprehending excludable aliens."); *id.* (holding information relating to the

16  ultimate disposition of the apprehension of a suspected illegal alien exempt under Exemption 2

17  (high)). As this long litany of cases presenting facts similar to the instant matter demonstrate,

18  the material withheld by CBP pursuant to Exemptions 2 (high) and 7(E) in this case is precisely

19  the sort of information for which these exemptions are designed. Defendant is therefore entitled

20  to summary judgment with respect to this information.

21        Finally, plaintiffs challenge the redaction of the names of certain computer databases in

22  document 18 (Bates No. 575-80), pursuant to Exemption 2 (low). The "low 2" exemption

23  protects "[p]redominantly internal documents that deal with trivial administrative matters" with

24  little public interest. *Schiller v. N.L.R.B.*, 964 F.2d 1205, 1207 (D.C. Cir. 1992). The

25  information redacted as "low 2" concerns the location of information on an internal network and

26  the name of a local database that had been used at one time by the Tucson Field Office, but is no

27  longer utilized. Suzuki Decl. ¶ 20. The public could have little legitimate interest in this

28

1   information, as it pertains to purely internal matters that do not affect the public. *Id.* As many

2   other courts have recognized, this material is precisely the sort of information properly withheld

3   as "low 2." *See NYC Apparel FZE v. U.S. Customs & Border Prot.*, 484 F. Supp. 2d 77, 93

4   (D.D.C. 2007) ("Computer function codes, internal file numbers, [and] *computer system and*

5   *report identity* . . . are . . . properly withheld [as 'low 2' information].") (quoting *Changzhou*

6   *Laosan Group v. U.S. Customs & Border Prot.*, Case No. 04-cv-1919, 2005 WL 913268, at *3

7   (D.D.C. April 20, 2005)) (emphasis added); *Poulsen v. U.S. Customs & Border Prot.*, Case No.

8   06-cv-1743, 2006 WL 2788239, at *8 (N.D. Cal. Sept. 26, 2006) (finding that "names or other

9   specific identifying information for databases" is properly withheld pursuant to the "low 2"

10  exemption). Accordingly, defendant is entitled to summary judgment with respect to these

11  withholdings as well.

12

13          **B.      Defendant Properly Withheld Information Pursuant to FOIA Exemption
                       (b)(5)**

14          Under Exemption 5, the FOIA's disclosure requirements do not apply to "inter-agency or

15  intra-agency memorandums or letters which would not be available by law to a party other than

16  an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). This exemption "entitles an

17  agency to withhold from the public 'documents which a private party could not discover in

18  litigation with the agency.'" *Maricopa Audubon Soc'y v. U.S. Forest Serv.*, 108 F.3d 1089, 1092

19  (9th Cir. 1997) (quoting *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 148 (1975)). "Exemption

20  5 thus covers the attorney-client privilege, the attorney work-product privilege, and the executive

21  'deliberative process' privilege." *Id.* (citing *Coastal States Gas Corp. v. Dep't of Energy*, 617

22  F.2d 854, 862 (D.C. Cir. 1980)).

23          CBP has withheld a limited amount of information in a few of the documents still at issue

24  in this motion for summary judgment pursuant to the deliberative process privilege. *See* Suzuki

25  Decl. ¶¶ 23-27. The deliberative process privilege is intended "to prevent injury to the quality of

26  agency decisions' by ensuring that the 'frank discussion of legal or policy matters' in writing,

27  within the agency, is not inhibited by public disclosure." *Maricopa*, 108 F.3d at 1092 (quoting

28

1    *Sears, Roebuck*, 421 U.S. at 150-51); *see also Assembly of the State of California v. U. S. Dep't*

2    *of Commerce*, 968 F.2d 916, 920 (9th Cir. 1992) (purpose of deliberative process privilege "is to

3    allow agencies freely to explore possibilities, engage in internal debates, or play devil's advocate

4    without fear of public scrutiny.").  The privilege generally protects "advisory opinions,

5    recommendations and deliberations comprising part of a process by which governmental

6    decisions and policies are formulated."  *Sears, Roebuck*, 421 US. at 150 (quoting *Carl Zeiss*

7    *Stiftung v. E.E.B. Carl Zeiss, Jena*, 40 F.R.D. 318, 324 (D.D.C. 1966), *aff'd,* 384 F.2d 979 (D.C.

8    Cir.), *cert. denied*, 389 U.S. 952 (1967)).  It is premised upon the notion that "[h]uman

9    experience teaches that those who expect public dissemination of their remarks may well temper

10   candor with a concern for appearances . . . to the *detriment of the decision making process*."  *Id.*

11   at 150-51 (quoting *United States v. Nixon*, 418 U.S. 683, 705 (1974)).

12          To come within the scope of the deliberative process privilege, "a document must be both

13   'predecisional' and 'deliberative.'"  *Assembly of the State of California*, 968 F.2d at 920 (quoting

14   *Nat'l Wildlife Fed'n v. U.S. Forest Serv.*, 861 F.2d 1114, 1117 (9th Cir. 1988)).  A document is

15   "predecisional if it was 'prepared in order to assist an agency decisionmaker in arriving at his

16   decision.'"  *Id.* (quoting *Formaldehyde Inst. v. Dep't of Health & Human Serv.*, 889 F.2d 1118,

17   1122 (D.C. Cir. 1989)).  Information withheld by an agency is "deliberative" if "disclosure of

18   materials would expose an agency's decision-making process in such a way as to discourage

19   candid discussion within the agency and thereby undermine the agency's ability to perform its

20   functions."  *Id*.

21          The information withheld by CBP falls well within the scope of this privilege.

22   Handwritten notes in the margins of a document describing Interim Procedures for Border

23   Search/Examination of Documents Papers and Electronic Information for the Port of Champlain

24   were redacted pursuant to the deliberative process privilege.  Suzuki Decl. ¶ 26; Exhibit A to

25   Suzuki Decl (Doc. #29).  The handwritten notes are predecisional because they were made by an

26   agency employee "while reviewing the document and noting what he thought was significant in

27   order to assist in later deliberations" and "reveal questions that the employee had in his mind on

28

1   the issues raised in the guidance." Suzuki Decl. ¶ 26. The handwritten notes are deliberative

2   because the notes would reveal a single individual's opinion about what portions of the

3   document he or she thought were important, and that individual's thoughts or summary of

4   particular portions of this document. *Id.* Accordingly, FOIA permits redaction of these

5   handwritten notes from this particular document. *See Baker & Hostetler LLP v. U.S. Dep't of*

6   *Commerce*, 473 F.3d 312, 321 (D.C. Cir. 2006) ("Notes generally are selective and deliberative –

7   and routine public disclosure of meeting notes and other notes would hinder government

8   officials from debating issues internally, deter them from giving candid advice, and lower the

9   overall quality of the government decisionmaking process.") (citing cases).

10      The only other redaction made pursuant to 5 U.S.C. § 552(b)(5) at issue in this motion for

11  summary judgment occurred in an email that concerned the agency's drafting of a standard

12  operating procedure for document and media screening at the border. Suzuki Decl. ¶ 27; Exhibit

13  A to Suzuki Decl. (Doc. # 40). The information from within this email that was redacted as

14  deliberative process information consists of "deliberations and potential courses of action that

15  were discussed as the agency moved towards a decision on drafting a standard operating

16  procedure." Suzuki Decl. ¶ 27. "Release of this information would reveal the decision-making

17  process within CBP." *Id.* Thus, this information is also both predecisional and deliberative and,

18  therefore, exempt from disclosure pursuant to 5 U.S.C. § 552(b)(5). *See Maricopa*, 108 F.3d at

19  1093.

20

21      **C.      Defendant Has Produced All Reasonably Segregable Portions of Responsive
               Records**

22      The FOIA requires that "[a]ny reasonably segregable portion of a record shall be

23  provided to any person requesting such record after deletion of the portions which are exempt

24  under this subsection." 5 U.S.C. § 552(b). This provision does not require disclosure of records

25  in which the non-exempt information that remains is meaningless. *See Nat'l Sec. Archive Fund,*

26  *Inc. v. CIA*, 402 F. Supp. 2d 211, 220-21 (D.D.C. 2005) (concluding that no reasonably

27  segregable information exists because "the non-exempt information would produce only

28  Civil Action No. 4:08-0842 (CW)
    Defendant's Motion for Summary Judgment        -14-

incomplete, fragmented, unintelligible sentences composed of isolated, meaningless words.");

*see also Klamath Siskiyou Wildlands Ctr. v. U.S. Dep't of the Interior*, Case No. 07-cv-325, 2007 WL 4180685, at *8 (D.Or. Nov. 21, 2007) ("In cases where nonexempt material is inextricably intertwined with exempt material and the deletion of the exempt material would leave only meaningless words and phrases, the entire document is exempt.").  CBP has reviewed each document line-by-line and produced all reasonably segregable information.  Suzuki Decl. ¶ 31. With respect to the 28 pages withheld in full, CBP conducted a line-by-line review of these documents and determined that "no portions can be segregated and disclosed."  *Id.* at ¶ 32.  In addition, "[t]he few non-exempt words and phrases that are dispersed throughout the records withheld in full, if disclosed, would be meaningless and would not serve the purpose of FOIA – to open agency action to the light of public scrutiny."  *Id.*  Accordingly, the agency has produced all "reasonably segregable portion[s]" of the responsive records.  5 U.S.C. § 552(b).

**CONCLUSION**

For the foregoing reasons, defendant respectfully requests that the Court grant its motion for summary judgment.

Dated: October 14, 2008                           Respectfully submitted,

                                                  GREGORY G. KATSAS
                                                  Assistant Attorney General

                                                  JOSEPH P. RUSSONIELLO
                                                  United States Attorney

                                                  JOHN R. TYLER
                                                  Acting Assistant Director, Civil Division

                                                  */s John R. Coleman*
                                                  JOHN R. COLEMAN (Va. Bar # 70908)
                                                  Civil Division, Federal Programs Branch
                                                  U.S. Department of Justice
                                                  20 Massachusetts Ave., N.W., Room 6118
                                                  Washington, D.C. 20530
                                                  Telephone: (202) 514-4505
                                                  Fax: (202) 616-8460
                                                  Email: john.coleman3@usdoj.gov

                                                  *Attorneys for Defendants*